# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD S. KRUGMAN,

              Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,

              Agency.

DOCKET NUMBER
DA-1221-13-0288-B-1

DATE: April 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony W. Walluk, Esquire, San Antonio, Texas, for the appellant.

Thomas Herpin, Esquire, Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which, along with the initial decision in this matter, is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The Board remanded this appeal to the administrative judge for further adjudication of the appellant's whistleblowing claim, specifically on the issue of whether the agency established by clear and convincing evidence that it would have removed the appellant from his position as the Associate Chief of Staff for Primary Care during his probationary period in the absence of his protected whistleblowing activity. *Krugman v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-13-0288-W-1 (W-1), Remand Order (June 12, 2014). Upon remand, the administrative judge opted not to hold another hearing and instead provided the parties with an opportunity to provide evidence and written argument on the issue. *Krugman v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-13-0288-B-1 (B-1), Remand Appeal File (RAF), Tab 8. Both parties responded to the remand order and replied to the other party's response. RAF, Tabs 12-13, 15-16.

¶3    As instructed in the remand order, the administrative judge considered further documentation regarding the appellant's disclosures to the Office of Special Counsel (OSC), including the agency's supplemental report of its investigation into the appellant's disclosures and OSC's report to the President

regarding the remedial measures that the agency took as a result of the investigation. RAF, Tab 17, Remand Initial Decision (RID) at 3-4; Remand Order at 4-5; *see* W-1, Initial Appeal File (IAF) Tab 34 at 5-10; *see also* RAF, Tab 12 at 14-21, 29-34. He also considered the circumstances of the appellant's hiring as well as the possible repercussions of the appellant's disclosures on the agency officials involved in terminating the appellant's employment during his probationary period. RID at 4-7. After considering the parties' respective submissions, the administrative judge determined that the agency established by clear and convincing evidence that it would have removed the appellant during his probationary period in the absence of his protected whistleblowing activity and consequently denied the appellant's request for corrective action. RID at 7.

¶4    In his petition for review, the appellant maintains that the agency hired him primarily for his expertise in establishing ambulatory surgical centers but that it took away those duties after he made protected disclosures regarding deficiencies in the agency's new ambulatory surgical center, which was then under construction, and he specifically challenges the administrative judge's credibility determinations on that issue. B-1, Remand Petition for Review File, Tab 1 at 2, 4-9. He contends that the agency subsequently gave him a set of alternate duties for which he was not qualified and then terminated him for his inability to perform them. *Id.* at 2. He reiterates his argument that the potential sanctions resulting from the investigation into his whistleblowing disclosures "is a more realistic cause for reprisals than an ultimate sanction being taken." *Id.* at 3. He further argues that if the Professional Services Board (PSB) that recommended his termination had access to his disclosures and the investigations and reports resulting from them, its decision might have been different. *Id.* at 5-6. The agency has not responded to the appellant's petition for review.

¶5    In determining whether the agency has established that it would have taken this action in the absence of the appellant's whistleblowing activity, the Board will consider the following factors: (1) the strength of the agency's evidence in

support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *See Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). Moreover, such evidence only clearly and convincingly supports such a conclusion in the aggregate, considering all the evidence in the record, even that which fairly detracts from that conclusion. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). As the following discussion indicates, we are satisfied that the administrative judge has done so on remand and we agree with his conclusion that the agency met its burden of proof.

¶6      The circumstances under which the agency hired the appellant, and why it decided to terminate him, speak to the first *Carr* factor set forth above, the strength of the agency's evidence in support of its action. After reviewing the parties' submissions on remand and explicitly considering the potentially contradictory evidence noted in the Board's remand order, the administrative judge again found the appellant's assertion that the agency hired him primarily for his expertise in operating ambulatory surgical centers was not credible. RID at 5-7. Although the record reflects that agency officials discussed the appellant's obvious expertise in this area during the hiring process, and we do not doubt that the agency viewed such experience as an asset, the weight of the record does not indicate that it was the primary reason for the appellant's hiring. The record instead reflects that the appellant accepted a position for which the PSB, the members of which the appellant concedes were unaware of his alleged whistleblowing activity, found his performance unsatisfactory. *See* IAF, Tab 4, Subtab 4e.

¶7      For example, one of the areas of the appellant's performance which the PSB found unsatisfactory was his failure to review fee basis consults in a timely manner, which it found led to low morale among agency staff and patient

dissatisfaction. *See id.* at 5. The appellant asserted before the PSB that, as an Anesthesiologist by training, he was unqualified to perform such consults, which involve approving referrals to outside medical providers, and the PSB noted his obvious discomfort with bearing the responsibility of reviewing them.[2] *Id.* at 10. Nevertheless, the PSB also observed that the Chief of Anesthesiology in its North Texas facility performed such a duty, as did similar professionals in other locations. *Id.* Thus, the agency reasonably expected the appellant to perform this duty and his failure to satisfactorily do so gave the agency ample reason to terminate the appellant during his probationary period. *See* IAF, Tab 4, Subtab 4e.

¶8        Significantly, as the administrative judge observed, hearing testimony indicated that the appellant was ultimately the sole remaining candidate out of six who applied for the position at issue. RID at 5. The hospital's Chief of Staff, whom the administrative judge found was a credible witness, testified that he understood the appellant's limitations but hired him anyway because it was difficult to recruit physicians at his location and he believed that the appellant could still be of service to the agency. RID at 5-6. Thus, based on the testimony before him and his observation of the witnesses' demeanor, the administrative judge found that the record did not support a conclusion that the appellant was hired for significantly different duties than those of his position of record as reviewed by the PSB, the Assistant Chief of Staff for Primary Care. RID at 7; *see* IAF, Tab 4, Subtab 4e. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We do not find, and the appellant fails to identify, such sufficiently sound

---

[2] The PSB also noted the appellant's contrary assertion that he did feel confident making such determinations. *See* IAF, Tab 4, Subtab 4e at 5.

reasons in his petition for review. Ultimately, the PSB determined that the appellant's performance in his position of record was unsatisfactory and his assertions regarding the circumstances of his hiring do not indicate that it did so in error. IAF, Tab 4, Subtab 4e. This is perhaps the strongest evidence that clearly indicates that the agency would have removed the appellant in the absence of his protected whistleblowing activity.

¶9    As for the second *Carr* factor, i.e., the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, the administrative judge found, and we agree, that the record does not support a significant motive to retaliate against the appellant on behalf of anyone involved in this matter. RID at 3-4. The record instead reflects that the agency thoroughly investigated the deficiencies identified by the appellant, and that although the agency took remedial measures as a result of the appellant's disclosures, the administrative judge found no indication of gross negligence or mismanagement. RID at 4. The administrative judge further found no evidence to support the appellant's speculation that certain individuals were transferred to other facilities as a consequence of the appellant's disclosures. RID at 4-5. Importantly, as instructed in the Board's remand order, Remand Order at 5, the administrative judge considered whether the record revealed that the agency officials responsible for the appellant's termination were motivated to retaliate against him even though they were not directly implicated by his disclosures, RID at 7. The administrative judge found no evidence of any such motive, especially on behalf of the members of the PSB who recommended the appellant's termination for unsatisfactory performance during his probationary period. *Id.*; *see* IAF, Tab 4, Subtab 4e.

¶10   On the third *Carr* factor, we note that, although the record does not address the extent to which the agency has taken similar actions against otherwise similarly-situated employees who are not whistleblowers, "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the

analysis." *Whitmore*, 680 F.3d at 1374. Nevertheless, on the basis of his analysis of the first two *Carr* factors, we agree with the administrative judge that the agency established by clear and convincing evidence that it would have removed the appellant in the absence of his protected disclosures. As a result, we affirm the remand initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.